**Consolidated Electric Sign Company, Defendant in Error, v. Joseph Price, Plaintiff in Error.**

**Gen. No. 20,519. (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. William N. Gemmill, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed May 11, 1915.

### Statement of the Case.

Action by Consolidated Electric Sign Company, a corporation, plaintiff, against Joseph Price, defend-

ant, on written contracts for $165, the agreed price for an electric sign.

The evidence showed that Price stopped the company's men from setting the sign in place, and thereupon it was returned to be made in accordance with a supplemental contract requiring some changes, one of which was that Price was to inspect and approve the sign before it was rehung. When the Company's men attempted to set it up the second time, they were again stopped by Price from finishing the undertaking. The evidence tended to show that Price directed the sign to be hung after a request was made of him to inspect it.

The evidence also tended to show that all was done that is usually done in such work before setting up the sign and that plaintiff was ready and willing to do the things that are done after the sign is set in place, but that Price, without good reason, prevented it from doing so.

The point was made that the contracts were not offered in evidence. When marked for identification, counsel for plaintiff said, ''I want to submit them to the jury.'' One of them was read in full to the jury and the substance of the other stated, and both parties to the suit treated them as in evidence.

To reverse a judgment for plaintiff for $165, defendant prosecutes this writ of error.

JACOB C. LE BOSKY, for plaintiff in error.

VOSE & PAGE, for defendant in error; WALTER S. VOSE, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 44*—*when provision for right of inspection and rejection waived.* Where the purchaser of an electric sign under a contract giving him the right of inspection and approval before it should be put in place directs the sign to be hung after request is made that he inspect it, he waives his right to inspect and to claim nonacceptance before the sign was hung.

2. CONTRACTS, § 307*—*when noncompliance with terms not a defense when prevented by defendant.* In an action on a contract, where it appears that there has been a substantial compliance with the terms of the contract and performance in all matters except so far as prevented by defendant himself, which matters plaintiff was ready and willing to perform, defendant cannot complain as to the matters not performed.

3. TRIAL, § 68*—*when contracts sufficiently offered in evidence.* In an action on written contracts, where, when they were marked for identification, plaintiff's counsel stated that he wished to submit them to the jury and one was read in full to the jury and the other was stated in substance and both parties treated them as in evidence, an objection that they were not offered in evidence is without merit.